# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| RACHEL J. MILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-5051-CV-SW-FJG-SSA |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner, Social Security | ) | |
| Administration | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This is a lawsuit under Title II and Title XVI of the Social Security Act. On November 8, 2002, plaintiff filed separate applications for Social Security disability benefits. Miles' first application sought disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401, et seq. The second application sought supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. § 1381 et seq. The applications were denied initially. Thereafter, plaintiff requested an administrative hearing. On February 11, 2004, following a hearing the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined in Title II and Title XVI of the Social Security Act. On April 7, 2004, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

The standard for judicial review of an ALJ's denial of benefits is as follows:

> We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole. . . .Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision. . . . If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the

> evidence and one of those positions represents the Commissioner's findings, the court must affirm the commissioner's decision. . .Even if we would have weighed the evidence differently, we must affirm the denial of benefits if there is enough evidence to support the other side.

Weishaar v. Barnhart, No. C01-3048-MWB, 2002 WL 31127517, *3 (N.D.Iowa Sept. 17, 2002)(internal quotations and citations omitted). "The Court will evaluate the entire record, considering not only the evidence which supports the Commissioner's decision, but also that which fairly detracts from it." Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996).

Plaintiff argues that the ALJ committed reversible error in failing to conduct a proper credibility analysis as required by Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1994)(subsequent history omitted), in that her statement's regarding the intensity and persistence of pain were improperly disregarded and the ALJ failed to consider the limitations testified to by claimant. The Court agrees and finds that for the reasons stated in the plaintiff's brief, the ALJ did not correctly evaluate plaintiff's subjective complaints of pain according to the factors identified in Polaski.

Plaintiff asks that the Court reverse this decision or in the alternative reverse and remand for an application of the proper standard of law. The Court finds that the appropriate course is to reverse and remand and allow the ALJ an opportunity to correctly evaluate plaintiff's credibility.

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final decision of the ALJ is hereby **GRANTED** (Doc. # 8) and the decision of the Commissioner is hereby **REVERSED AND REMANDED.**

Date:  September 30, 2005        **S/ FERNANDO J. GAITAN JR.**
Kansas City, Missouri        Fernando J. Gaitan Jr.
        United States District Judge